PEOPLE, PLAINTIFF AND APPELLANT, *v.* TURNER, DEFENDANT AND APPELLEE.

Appeal from the District Court of San Juan, Section 2, in a Prosecution for Violation of Section 553 of the Penal Code.

No. 1305.—Decided May 29, 1919.

DAYLIGHT SAVING—CLOSING LAW—FEDERAL LAW.—The "Act to save daylight and to provide standard time for the United States," enacted by the Congress of the United States on March 19, 1918, is not applicable to Porto Rico, for although section 2 of said act refers to any other insular possession of the United States, it is only for the purpose of explaining that the law is applicable to public carriers doing business between the various States or

between a State and any of the Territories of the United States or between a State or the Territory of Alaska and any of the insular possessions of the United States or any foreign country. Therefore, the appellee did not violate section 553 of the Penal Code of Porto Rico in having his establishment open at 6.15 p. m. on the day referred to in the complaint according to the said federal statute, or at 5.15 p. m. according to the time of the sixtieth meridian.

The facts are stated in the opinion.

*Mr. Salvador Mestre, Fiscal,* for the appellant.

*Mr. J. H. Brown* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The attorney for the district of San Juan charged the appellee herein with having had his commercial establishment open on April 16, 1918, at the hour of 5:15 P. M. according to the time of the sixtieth meridian, or at 6:15 P. M. according to the Act of Congress of the United States of March 19, 1918, to save daylight, thus violating section 553 of the Penal Code of this Island as amended by Act No. 26 of November 26, 1917, making it a punishable offense to have a commercial establishment open after 6 P. M.

The district attorney appealed from the judgment of the District Court of San Juan, Section 2, sustaining the demurrer of the appellee on the ground that the act with which he is charged does not constitute a crime, and the only question before us in this appeal is whether or not the said Act of Congress is applicable to this Island.

The said act is entitled "An Act to save daylight and to provide standard time for the United States," and its first paragraph reads:

"That, for the purpose of establishing the standard time of the United States, the territory of continental United States shall be divided into five zones in the manner hereinafter provided."

According to the language of the act, it applies to the continent of the United States and not, therefore, to the Island of Porto Rico, because it is not a part of the said continent. The word "continental" used in the act means that

which pertains to the continent or is a part of it. The Island of Porto Rico is not geographically a part of the continent of the United States, it being many hundreds of miles distant from the continent.

Although the appellant states in his brief that he has serious doubts as to whether, considering the wording of the act, it is applicable to this Island; nevertheless, he advances as his sole argument in support of the appeal that section 2 of the act refers to any other insular possession of the United States and that as Porto Rico is situated at sixty-six degrees and seven minutes west longitude from the Meridian of Greenwich, it comes within the first zone fixed by the act.

Although said section 2 mentions the insular possessions, it is only for the purpose of explaining that the act is applicable to common carriers engaged in commerce between the several States, or between a State and any of the Territories of the United States, or between a State or the Territory of Alaska and any of the insular possessions of the United States, or any foreign country.

As there is no other provision in the act making it applicable to Porto Rico, or from which it may be inferred that it shall govern here, we must hold that the standard time for this Island is not that fixed by the said act and that, therefore, the fact that on the day referred to in the information the appellee had his commercial establishment open at 6:15 P. M., according to this act, or at 5:15 P. M. according to the time of the sixtieth meridian, does not constitute an offense.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.